# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JEREMY LEE MILES,<br>    Petitioner, | Civil Action No. 1:09-cv-262 |
| | Barrett, J. |
| vs. | Black, M.J. |
| STATE OF OHIO,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a former state prisoner,[1] brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's return of writ (Doc. 6), and petitioner's reply to the return of writ. (Doc. 7).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On September 15, 2005, petitioner pled guilty to rape, gross sexual imposition, and endangering children and was determined to be a sexual predator. (Doc. 6, Exhs. 2, 3). On November 16, 2005, he was sentenced to concurrent terms of incarceration of four years for rape, four years for endangering children, and one year for gross sexual imposition. (Doc. 6, Exh. 4).

Petitioner did not file a direct appeal to the Ohio Court of Appeals. (Doc. 6, Exh. 7, Case No. B0503491 docket sheet).

---

[1]Petitioner was incarcerated at the Chillicothe Correctional Institution at the time he filed the petition for a writ of habeas corpus. (Doc. 1). He was released from prison on April 14, 2009 and remains under post-release control under the authority of the Ohio Adult Parole Authority. (Doc. 6 at 1). He is considered to be "in custody" for purposes of habeas review because he was incarcerated at the time the petition was filed and is now on post-release control. *See* 28 U.S.C. §§ 2241(c)(3) and 2254(a); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

On May 5, 2006, petitioner filed a pro se motion for extension of time to file a post-conviction petition. (Doc. 6, Exh. 7). On June 13, 2006, petitioner filed motions to correct improper sentence and to withdraw guilty plea. *Id*. He filed an amended motion to withdraw his guilty plea on July 11, 2006. *Id*. On January 25, 2007, petitioner filed a pro se dismissal of all his pending motions. (Doc. 6, Exh. 6). Petitioner did not file any other post-conviction motions challenging his conviction and sentence after that date. (Doc. 6, Exh. 7).

**Federal Habeas Corpus**

On April 10, 2009, petitioner filed a 137 page petition for a writ of habeas corpus in this Court. (Doc. 1). His petition is difficult to discern. Petitioner describes himself as "Secured Party Creditor; Sovereign: Jeremy-Lee:Miles®" who has been restrained of his liberty, including, but not limited to physical incarceration. (Doc. 1, attachment at 104-05). Petitioner claims that the "Secured Party Creditor; Sovereign: Jeremy-Lee:Miles®" was not named as a party in interest in Hamilton County criminal Case No. B0503491 and that the State of Ohio failed to "fully disclose" to him the nature and cause of the action against him. (Doc. 1, attachment at 105). The petition alleges that the "Secured Party Creditor; Sovereign: Jeremy-Lee:Miles®" was denied his Sixth Amendment right to counsel because the only members of the bar of the State of Ohio are "public officers operating under disability of a conflict of interest in that all attorney-at-law are in fact Agents(s); Alien(s) of the State of Ohio." (Doc. 1, attachment at 105). Petitioner alleges that the State of Ohio is threatening further restraint upon his liberty "by and through imprisonment and loss of property" in violation of his rights to due process and equal protection. (Doc. 1, attachment at 105). In his "conclusion" petitioner states:

> In view of the STATE OF OHIO: and/or Agent(s), actually threatening enforcement under Cause No. B 050 3491 to restrain the Secured Party Creditor:

> Jeremy-Lee:Miles® and Secured Party Creditor contention that the STATE OF OHIO <u>has not</u> fully disclosed to the Secured Party Creditor by and through Nature of Cause, the legality or by what authority the STATE OF OHIO and that the enforcement and restraint of the Secured Party Creditor is in fact <u>null</u> and <u>void</u> as the Secured Party Creditor/Sovereign: Jeremy-Lee:Miles® is not a real party in interest and that there is an actual controversy within the jurisdiction of this Court. A Writ of Habeas Corpus will <u>adjudicate</u> the rights of the parties.

(Doc. 1, attachment at 110). The remainder of the "petition" is a compilation of various documents which appear to have no bearing on the fact or duration of petitioner's imprisonment. These include documents entitled UCC Financing Statement, Security Agreement, Hold Harmless and Indemnity Agreement, and Truth Affidavit in the Nature of Supplemental Rules for Administrative and Maritime Claims Rules C(6) Trademark/Copyright, to name a few.

Petitioner's reply brief to the return of writ asserts that the State of Ohio was without jurisdiction to prosecute, convict, sentence, and incarcerate "The Sovereign, Jeremy Lee: Miles© Natural Man, for the alleged violations to state laws by the corporate fiction, Jeremy Lee Miles®, in direct violation [of] Constitutional law, Common Law, Commercial Law, [and] State and Federal Laws." (Doc. 7 at 1, 8). Petitioner also contends that his trial attorney was ineffective and that petitioner "under duress and empty promises, was forced to take a plea 'deal' which led to conviction, sentencing, incarceration, and continued state control (PRC/Sexual Registry/Public Notification). . . ." (Doc. 7 at 5). He further alleges that his attorney and the prosecuting attorney withheld exculpatory evidence. *Id*.

Respondent contends the petition has not been exhausted, is time-barred, and is without merit. The Court agrees that the petition is time-barred and therefore declines to reach respondent's other contentions.

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Liberally construed, the petition, as clarified by petitioner's reply brief, asserts constitutional violations which allegedly occurred during the state trial court proceedings. Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became "final" on December 18, 2005, when the time thirty-day time limit for filing a notice of appeal in the Ohio Court of Appeals expired.[2] *See* Ohio R. App. P. 4(A). Therefore, the statute of limitations commenced running the following day on December 19, 2005, and expired one year later on December 19, 2006, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000); s*ee also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

The statute of limitations had run for 137 days when petitioner filed the first of his three post-convictions motions on May 5, 2006. His next two post-conviction motions were filed on June 13 and July 11, 2006, respectively. (Doc. 6, Exh. 7). Giving petitioner the benefit of the doubt that these were "properly filed" motions that tolled the running of the statute of limitations, such tolling ended on January 25, 2007, when petitioner filed the "Dismissal of motion(s) for Case no. B503491" in his criminal case. (Doc. 6, Exh. 6). When the statute resumed running on January 26, 2007, there were 228 days left in the statute of limitations period. The statute of limitations expired on September 11, 2007. Petitioner's habeas corpus

---

[2]Since the last day for filing a notice of appeal fell on a Saturday, the time for filing a notice of appeal was extended to the next business day, or Monday December 18, 2005. *See* Ohio Civ. R. 6(A).

petition was filed in this Court on April 10, 2009 and, accordingly, was submitted over one year too late.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's

6

> lack of constructive knowledge of the filing requirement; (3) the petitioner's
> diligence in pursuing his rights; (4) absence of prejudice to the respondent; and
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement
> for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Instead, petitioner argues the state trial court lacked subject matter jurisdiction to convict and impose sentence upon him. (Doc. 1 at 14, ¶18). Petitioner argues, "Petitioner–secured party has initiated 'Redemption' as a matter of right by filing a perfected security interest upon the

7

collateral of Debtor-Jeremy Lee Miles® via a UCC 1 file #2007171747-4 and UCC file #2008000482-8 becoming a holder in due course, title holder, is filing this petition without State of Ohio venue/jurisdiction for conflict of interest and other statements of fact. . . ." *Id*. Petitioner's argument is incomprehensible. More importantly, he fails to allege or show how this in any way impeded the timely filing of a petition for habeas corpus in this Court. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."*Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Petitioner fails to demonstrate any such circumstances and therefore fails to meet his burden showing he is entitled to equitable tolling.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 3/11/2010                                       s/Timothy S. Black
                                                      Timothy S. Black
                                                      United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JEREMY LEE MILES,<br>　　　Petitioner,<br><br>　　vs.<br><br>STATE OF OHIO,<br>　　　Respondent. | Civil Action No. 1:09-cv-262<br><br>Barrett, J.<br>Black, M.J. |

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within FOURTEEN DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed **within FOURTEEN DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).