## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Jeremy Lee Miles,

        Petitioner,                          Case Action No.: 1:09-cv-262

        v.                                 Judge Michael R. Barrett

State of Ohio,

        Respondent.

## OPINION & ORDER

The matter under consideration is a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Before the Court is Magistrate Judge Timothy S. Black's Report and Recommendation ("Report") (Doc. 11).  In the Report, Magistrate Judge Black recommends that the petition be dismissed with prejudice on the ground that it is barred from review under 28 U.S.C. § 2244(d)'s one-year statute of limitations.  The Report additionally recommends that a certificate of appealability should not issue and that Petitioner Jeremy Lee Miles should be denied leave to proceed on appeal *in forma pauperis.*  (Doc. 11, 8–9.)

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file timely objections.[1]  *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Petitioner has filed an Objection (Doc. 13), along with a motion for summary judgment (Doc. 16), a reply in support (Doc. 18), and a "Declaration and Notice of Character and

---

[1] A Notice regarding objections was attached to the Report.  (Doc. 11, 10.)

Notice of Peaceful Habitation" (Doc. 19).  Respondent, the State of Ohio, has filed a

response in opposition to Petitioner's motion for summary judgment (Doc. 17) but has

not responded to Petitioner's Objection.  For the reasons provided below, the Court

ADOPTS the magistrate judge's Report in its entirety.

## I.    Background

Petitioner Jeremy Lee Miles was an inmate at the Chillicothe Correctional

Institution when he filed the habeas petition presently at issue.  He has since been

released but remains under the control and authority of the Ohio Adult Parole Authority.

(Doc. 6, 1.)  Subject matter jurisdiction is conferred by 28 U.S.C. § 2254(a) because

Miles was "in custody" at the time he filed his habeas petition.  *See* 28 U.S.C. §§

2241(c)(3), 2254(a); (Doc. 6, 1–2.)

On April 22, 2005, an Ohio grand jury indicted Petitioner on three counts of

Rape, five counts of Gross Sexual Imposition, and one count of Endangering Children.

On September 15, 2005, he plead guilty to reduced charges of one count of Rape, one

count of Gross Sexual Imposition, and one count of Endangering Children.  He was

sentenced to concurrent terms totaling four years.  He was also required to register as a

sexual predator.  (Doc. 6, 2–3.)

After his guilty plea, Petitioner filed numerous pro se motions with the trial court.

(Doc. 6, 3; Doc. 11, 2.)  These included a pro se motion for extension of time to file a

post-conviction petition, a motion to correct improper sentence, a motion to withdraw his

guilty plea, and an amended motion to withdraw his guilty plea.  He finally filed a pro se

dismissal of all these pending motions on January 25, 2007.  (Doc. 11, 2.)  At no time

did he file a direct appeal with the Ohio Court of Appeals.  (Doc. 11, 1.)

As the Report noted, Petitioner describes himself as "Secured Party Creditor; Sovereign: Jeremy-Lee: Miles®" who has been restrained of his liberty by means including, but not limited to, physical incarceration.  (Doc. 11, 2.)  His petition is a rambling compilation of apparently irrelevant documents including UCC Financing Statements, a Security Agreement, a Hold Harmless and Indemnity Agreement, a Truth Affidavit, and others.  (Doc. 11, 3.)  Among his allegations, Petitioner asserts that the State of Ohio was without jurisdiction to prosecute, "The Sovereign, Jeremy Lee: Miles© Natural Man, for the alleged violations to state laws by the corporate fiction, Jeremy Lee Miles®, in direct violation [of] Constitutional law, Common Law, Commercial Law, [and] State and Federal Laws."  (Doc. 11, 3) (*citing* Doc. 7, 1.)  As it was construed, his petition contends that his counsel was ineffective, that his guilty plea was taken under duress, and that the prosecution withheld exculpatory evidence.  Respondent argues that the petition has not been exhausted, is time-barred, and is without merit.  The magistrate judge agreed that the petition is time-barred and declined to reach Respondent's other arguments.  (Doc. 11, 3.)

## II.  Legal Analysis

When objections to a magistrate judge's Report and Recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1) (hanging paragraph).  General objections are insufficient to preserve any issues for review; "[a] general

objection to the entirety of the magistrate's report has the same effects as would a

failure to object." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (*quoting Howard

v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### A.     Petitioner Makes No Specific Objections

Magistrate Judge Black's Report recommends that the petition be dismissed

because it is time-barred under the one-year statute of limitations of 28 U.S.C. §

2244(d)(1)(A).  (Doc. 11, 8.)  Petitioner first objects by asking the question: "Is there a

statute of limitations on FRAUD?"[2]  Beyond that, the Court cannot attempt to summarize

Petitioner's arguments because they incomprehensible.  Petitioner's Objection

overflows with legal jargon and seemingly impressive legal citations, but it is

nonsensical and devoid of any recognizable legal reasoning.[3]

As such, this Court has no choice but to take Petitioner's Objection as a general

objection rather than as a specific objection to the magistrate judge's Report.  Because

"[a] general objection to the entirety of the magistrate's report has the same effects as

would a failure to object," no issues are preserved for review.  *Howard v. Sec'y of

Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Thus, the Report is

ADOPTED in its entirety.

---

[2] Under Ohio law, a four-year statute of limitations applies to fraud claims, O.R.C. § 2305.09(C), but this is entirely irrelevant to Petitioner's arguments.

[3] The Court is reminded of Lewis Carroll's poem *Jabberwocky*, which begins as follows:

> 'Twas brillig, and the slithy toves
> Did gyre and gimble in the wabe:
> All mimsy were the borogoves,
> And the mome Raths outgrabe.

Lewis Carroll, *Through the Looking-Glass and What Alice Found There* (1871).  Upon hearing this, Alice reacted as follows: "'It seems very pretty,' she said when she had finished it, 'but it's rather hard to understand!'  (You see she didn't like to confess even to herself, that she couldn't make it out at all.)"  Upon reading Petitioner's Objection, the Court understands how Alice felt.

**B.** **Motion for Summary Judgment**

Petitioner's motion for summary judgment (Doc. 17), along with his reply in support (Doc. 18) and declaration (Doc. 19), continue in the same vein.  They make no comprehensible arguments upon which relief can be granted.

Federal Rule of Civil Procedure 56 states, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  Petitioner has failed to identify any claims or defenses on which summary judgment is sought.  (*See* Doc. 16.)  Thus, Petitioner's Motion for Summary Judgment is DENIED.

**III.** **Conclusion**

Having reviewed this matter de novo, the Court finds the magistrate judge's Report to be well reasoned and correct.  Thus, the Court **ADOPTS** the Magistrate Judge's Report (Doc. 11) in its entirety.  Petitioner's writ of habeas corpus is **DISMISSED with prejudice** because it is barred under the one-year statute of limitations of 28 U.S.C. § 2244(d).  Furthermore, a certificate of appealability shall not be issued, and Petitioner is denied leave to proceed on appeal *in forma pauperis.*  The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge

5